IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ALLEN AMOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-141-DRH-DGW |
| ) | |
| WENDY J. ROAL, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, David Allen Amos, on February 16, 2012 (Doc. 1).  For the reasons set forth below, it is **RECOMMENDED** that the Petition be **GRANTED**, that Respondent be **ORDERED** to recalculate Petitioner's sentence, and that the Court adopt the following findings of fact and conclusions of law.

INTRODUCTION

Petitioner seeks credit towards his federal sentence for the time he spent in federal custody from June 24, 2005 to the date he was sentenced by the District Court for the Eastern District of Missouri, March 31, 2006.  According to Petitioner's records, as maintained by the Bureau of Prisons, this 9 month period was not credited to his federal sentence.  When Petitioner filed a grievance regarding the computation error, he was informed that this 9 month period was not credited pursuant to statute, 18 U.S.C. § 3585(b).  He further was informed that because the 9 month period was credited towards a state sentence (namely a sentence imposed for violations of

state parole), it would not be credited towards his federal sentence. Petitioner disagrees and relies primarily on the statements of the District Court at the sentencing hearing in which the Court indicated that Petitioner should receive credit from June 24, 2005 towards his 140 month federal sentence. In response, Respondent notes that Petitioner was "borrowed" by federal officials during that 9 month period, pursuant to a writ of habeas corpus *ad prosequendum* (hereinafter "WHCAP"), while he was serving a state sentence and that the Amended Judgment in his federal criminal case did not indicate that his sentence would begin on June 24, 2005 – rather the Amended Judgment indicated that his sentence would start on March 31, 2006 and would run concurrent with the remainder of his state sentence.

In light of some confusion regarding the nature of Petitioner's state sentence, this Court ordered Respondent to submit a copy of state court records regarding the parole violation and the sentence imposed for that violation (Doc. 9). Respondent filed a record on April 1, 2013 which consists of a letter from the Missouri Department of Corrections listing the dates of Petitioner's incarceration (Doc. 10). Respondent indicates that there are no other records regarding the parole violation. Notwithstanding the filing of these records, an evidentiary hearing is this matter is not required.

### FINDINGS OF FACT

On December 15, 2004, Petitioner was arrested by state officials for a violation of his state parole and pursuant to a warrant issued by the United States Marshal, both of which related to an illicit drug purchase by Petitioner in October, 2004 (Doc. 6-1, p. 3, ¶ 5; Doc. 12, pp. 3-5). His state parole was revoked five months later on April 4, 2005 and he was sentenced to a term of 17 months' incarceration. With credit for time served since December 15, 2004, the incarceration

2

ended on May 24, 2006 and his term of parole ended on September 1, 2008 (Doc. 6-1, p. 17).

Prior to his arrest, Petitioner was indicted on federal charges (on October 21, 2004) and, subsequent to his arrest, was transferred into federal custody pursuant to a WHCAP on June 24, 2005 (*Id*. at p. 3, ¶ 6).[1] Petitioner pled guilty to the federal charges on December 9, 2005 (*Id.* at p. 7, Doc. 33). A sentencing hearing was held on March 31, 2006 (*Id.* at p. 8, Doc. 46; Doc. 1-1, pp. 1-30). After sentencing and on April 10, 2006, Petitioner was returned to state custody where he served the remainder of his state term of incarceration (Doc. 6-1, p. 3, ¶ 8). Upon his release from state custody on May 24, 2006, Petitioner was taken into federal custody to serve out the remainder of his 140 month term of imprisonment (*Id*.). Petitioner's projected release date is July 28, 2016 (*Id.* at ¶ 9).

The dispute between the parties as to when Petitioner's federal sentence should have commenced stems from inconsistencies between the sentencing judge's statements at the sentencing hearing and the subsequent Judgments that were entered. At the March 31, 2006 sentencing, the following exchanges occurred:

> Court: As a result, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, David Allen Amos, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 140 months. This term consists of a term of 140 months on each of Counts I and II, the terms to be served concurrently and also concurrently with the undischarged portion of the term of imprisonment imposed in Cape Girardeau County Circuit Court, Docket No. CR592-101FX.

---

[1] It is clear from the record that Petitioner was in the custody of the Missouri Department of Corrections from March 2, 2005 until he entered federal custody pursuant to the writ on June 24, 2005 (Doc. 10-1). What is less clear is where Petitioner was housed from his arrest on December 15, 2004 to March 2, 2005. There appears to be no dispute, however, that Petitioner was in some form of state custody (most likely Cape Girardeau Police custody), and that this period of time was credited towards his state sentence for the parole violation. Petitioner is not claiming that this time period (from December 2004 to March, 2005) should be credited towards his federal sentence.

3

\*\*\*

Mr. Rosanswank:[2] Your Honor, in light of your gracious decision to run this sentence concurrently with the undischarged term of Mr. Amo's sentence, if the Court were to consider the issue of time served in this matter, Mr. Amos has been in federal custody since June 24th of 2005. The unexpired term of imprisonment was imposed on April the 4th of 2005. If it's not your intention that he should receive credit for the time since June 24th, then we would ask that you order that the sentence begin immediately in order to ensure that the federal sentence begins running no later.

The Court: He has been in federal custody since June 24th of last year. Is that correct?

Mr. Rosanswank: Yes, Ma'am.

The Court: As far as I'm concerned, that should all go toward the sentence I've just imposed. I don't know how that works with the State. I don't know what the extent of the State sentence is. Does anybody know that?

Mr. Rosanswank: It's due to expire in 2008, Your Honor; May of 2008.

Probation Officer: That's correct, Your Honor. And he is not on a writ. He is actually in federal custody.

The Court: He's in federal custody?

Probation Officer: So he's not getting credit for that State – He may or may not be getting credit for that state sentence right now but he's, without question, getting federal credit since June 24th.

The Court: Since last year, June of last year. Yeah. My belief is that the intent is that he receive credit for this sentence which I've just imposed from June 24th.

(Doc. 1-1, pp. 21, 24-25).

The Court then had a discussion with defense counsel as to how the sentence should be calculated to give effect to the Court's intent and there was a discussion about Section 5G1.3(c) of the

---

[2] Mr. Jeffrey J. Rosanswank was Petitioner's counsel in the underlying criminal case (i.e. defense counsel).

Sentencing Guidelines.[3]  The result of the colloquy was the court directing defense counsel to file a brief on the matter (*Id.* at 26).[4]

The Court nonetheless issued, on that same day, March 31, 2006, a Judgment In A Criminal Case reflecting the plea of guilty and a sentence of 140 months "to run . . . concurrently with the undischarged portion of the term of imprisonment imposed in Cape Girardeau County Circuit Court docket no. CR592-101FX."[5]  On April 7, 2006, defense counsel filed a "Motion For Amendment of Judgment in a Criminal Case" in which he made two arguments: first, that the judgment should indicate that the sentence was to commence immediately; and, second, that the sentence be downwardly adjusted so that Petitioner is given credit for the 9 months that he was in federal custody – which would reduce his sentence to 131 months (Doc. 6-3, pp. 2-7).  On April 11, 2005, an Amended Judgment was entered by the trial court that did not change the number of

---

[3] This section provides, in relevant part, that the federal sentence may be imposed "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (2006).  The associated Application Notes further provide that in "an extraordinary case," the court may reduce the sentence, by way of a downward departure, so that the discharged portion of a concurrent term of imprisonment can be accounted for in the sentence.

[4] Specifically, the Court stated:

> The Court:  Why don't we do this.  Why don't you file something with me –
>
> Mr. Rosanswank:   I'd be happy with me [sic].
>
> The Court:   -- with all the bells and whistles, and we'll add that on. . . . My intent is he gets credit for all his time in federal custody, however they want to do that. . . .
>
> (Doc. 1-1, pp. 36-30).

[5] This "original" judgment was not provided by the Parties but is located in the underlying criminal case, *United States v. David Allen Amos*, 1:04-cr-158-JCH (E.D.Mo.), Doc. 48, p. 2.

months of incarceration imposed but that did add the following sentence to the original portion, quoted above: "The Federal sentence shall commence immediately as of March 31, 2006, the date of the original judgment." Thus, the District Court accepted the first argument by Petitioner but appears to have implicitly rejected the second argument that his sentence should be reduced to 131 months.[6]

## CONCLUSIONS OF LAW

Title 28 U.S.C. § 2241 generally allows an inmate to challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). In this matter, Petitioner asserts that the calculation by the Bureau of Prisons of his release date is in error in light of the sentencing court's intent to give credit for the 9 months that he spent in federal custody, pursuant to a writ, awaiting sentencing.

Title 18 U.S.C. § 3585(b) provides:

Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after he commission of the offense for which the sentence was imposed;

That has not been credited against another sentence. *Id.*

The Bureau of Prisons "has the responsibility of administering the sentence" and applying credits in accordance with this code section. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The

---

[6] Petitioner subsequently filed a *pro se* "Motion for Sentence Modification . . ." on an issue that is unrelated to the claim made in this habeas petition, *United States v. David Allen Amos*, 1:04-cr-158-JCH (E.D.Mo.) (Doc. 70), that was rejected by the Court in a June 6, 2008 Order. *Id.* at Doc. 74. Petitioner also filed an appeal on an unrelated matter that was similarly rejected.

facts in this case reveal that Petitioner was given credit towards his 17 month state sentence for parole violation for the time spent in federal custody between June 24, 2005 and March 31, 2006. Thus, the BOP did not give Petitioner credit towards his federal sentence for this amount of time because it was credited to another sentence. *See United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). There is no error in the BOP's calculation of Petitioner's sentence to the extent that the BOP relied on the written Amended Judgment entered by the District Court.

Petitioner's real argument, however, concerns manner in which the Judgment in his criminal case was written. Petitioner has presented a sentencing transcript in which the District Court expressed an intent to give him "credit" for time served in federal custody from June 24, 2005. Petitioner's counsel also requested that his sentence be adjusted to allow for this "credit" in his April 7, 2006 Motion. In that Motion, counsel recognized that in order for Petitioner to receive what if effect would be credit for the nine months Petitioner was held by the federal government (in light of the BOP's exclusive authority pursuant to § 3585 above), the District Court would have to impose a downward departure on his 140 month sentence, thereby reducing it to 131 months, consistent with §5G1.3(c) of the Sentencing Guidelines and the associated commentary. As noted in that commentary:

> To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to §5G1.3(c), rather than as a credit for time served.

*Id.* at Application Note 3(E); *See also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The Amended Judgment in this matter, however, did not apply a downward departure pursuant to §5G1.3(c) notwithstanding the District Court's expressed intent. Thus, Petitioner's Amended

Judgment indicates a 140 month term of incarceration to start on March 31, 2006.

Petitioner's argument has merit. "What the judge says in sentencing a defendant takes precedence over the written judgment." *United States v. Cephus*, 684 F.3d 703, 709 (7th Cir. 2012); *United States v. Burton*, 543 F.3d 950, 953 (7th Cir. 2008) ("As we have often noted, the rule in such situations is clear: If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." (quotation, editing, and citation omitted)). In this case, the District Court pronounced a 140 month sentence to commence on March 31, 2006 but expressed an intent that the sentence commence on June 24, 2005. The waters are somewhat muddied by the Court's request for briefing on the subject of how best to achieve this intent and the Court's failure to actually adjust the sentence according to § 5G1.3(c) in the Amended Judgment. However, the District Court unambiguously stated that it intended that Petitioner's sentence account for the 9 months he was in federal custody pursuant to the WHCAP. Moreover, in calculating a sentence, "the BOP must read it as intended and pronounced by the sentencing court." *Id.* at 710 (noting that while the BOP routinely relies on the written judgment, it is the sentencing transcript that reflects the true sentence (quotation marks and citations omitted)). While the sentencing court may have used the word credit, it is clear that it intended to comply with the suggestions of § 5G1.3 and actually reduce Petitioner's sentence to 131 months of incarceration. The BOP would therefore not have been required to apply credit pursuant to § 3585 and should have merely calculated Petitioner's sentence as intended by the sentencing court.

Respondent contends that Petitioner is not entitled to credit for time served in federal custody pursuant to a WHCAP and cites to *Sinito v. Kindt*, 954 F.2d 467 (7th Cir. 1992). In that case, the defendant was sentenced to an 18 year term in imprisonment by a federal district court on

8

November 19, 1981. On July 27, 1982, he was removed pursuant to a WHCAP in order to stand trial for additional federal charges. Defendant was not sentenced on those additional charges until July 11, 1986 when he was given a 22 year term of imprisonment to run concurrently with the first federal sentence. Defendant filed a Writ of Habeas Corpus pursuant to § 2241 arguing that he was entitled to almost 4 years of credit against his second sentence for the time that he was out on the WHCAP pursuant to 18 U.S.C. §3568. The Seventh Circuit Court of Appeals held that:

> These cases [interpreting § 3568] have held that a prisoner in state custody who is subject to a writ of habeas corpus *ad prosequendum* based on a federal charge is not entitled to pretrial credit against his subsequent federal sentence because the time spent in pretrial custody was credited toward his existing state sentence. Permitting credit towards the federal sentence would result in double credit.

*Id.* at 470. Thus, Respondent argues, Petitioner in this case is similarly not entitled to credit against his federal sentence while he was subject to the WHCAP.

*Sinito* does not apply to this case. Petitioner is not seeking a credit, rather he is seeking to have the sentence pronounced by the sentencing court honored by the BOP. Put another way, Petitioner is not seeking a nine month credit for time served against his 140 month sentence – he is seeking recognition that his sentence should in fact be 131 months. There can be no doubt that the sentencing court had the discretion to impose a 131 month sentence to account for the 9 months that Petitioner served on the state parole violations (that were related to the federal charges). *See e.g. United States v. Campbell*, 617 F.3d 658 (7th Cir. 2010).

Respondent next contends that Petitioner's claim should have been raised on direct appeal or in a motion pursuant to 28 U.S.C. § 2255. Petitioner, however, is not challenging either his conviction or the actual sentence imposed. Rather, he is challenging the manner in which the BOP is interpreting his sentence. Such a claim is within the purview of § 2241. *See e.g.*

9

*Wilkins-El v. Marberry*, 340 Fed.Appx. 320 (7th Cir. 2009).   '

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by Petitioner, David Allen Amos, on February 16, 2012 (Doc. 1) be **GRANTED**, that Respondent be **ORDERED** to recalculate Petitioner's sentence by giving effect to the sentencing court's intent that Petitioner be sentenced to a 131 month term of incarceration,[7] and that the Court adopt the following findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 28, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[7] The other terms of Petitioner's sentence, including the term of supervised release and monetary penalties need not be adjusted.

10