IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ALLEN AMOS,**
**#31876-044,**

Petitioner,

v.   Civil No. 12-cv-141-DRH-DGW (S.D. Ill.)
     Crim. No. 04-cr-158-JCH (E.D. MO.)

**J.S. WALTON,**

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   INTRODUCTION

Before the Court is a Report and Recommendation (R&R) (Doc. 17) Magistrate Judge Donald G. Wilkerson issued pursuant to 28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 72.1(a).  Judge Wilkerson recommends that the Court **GRANT** petitioner David Allen Amos' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

The R&R was sent to the parties, with a notice informing them of their right to file objections within fourteen days of service (Doc. 17-1).  Respondent objects to the R&R's recommendation (Doc. 20). Thus, the Court must undertake *de novo* review of the objected-to portions of the R&R.  28 U.S.C. § 636(b)(1)(B); FED. R.

CIV. P. 72(b); SDIL-LR 73.1(b); *Govas v. Chalmers*, 965 F.2d 298. 301 (7th Cir. 1992). The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999) (citing FED. R. CIV. P. 72(b)). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which the parties make specific objections. *Id.* However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Instead, the Court can simply adopt these findings after review for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). For the reasons discussed herein, the Court **ADOPTS** the R&R's recommendation.

## II. OBJECTIONS

Respondent objects to the R&R's conclusions of law. Thus, the Court adopts the R&R's findings of fact without further discussion.[1] To summarize this dispute, Amos seeks federal credit for time he spent on a writ of habeas corpus ad prosequendum (WHCAP) from June 24, 2005 to March 31, 2006; the date that District Judge Jean C. Hamilton of the Eastern District of Missouri sentenced Amos.

### 1. Amos' Claim is not Cognizable Under § 2241

Respondent first objects to Judge Wilkerson's recommendation that Amos' claim is cognizable under § 2241. Respondent argues that Amos seeks a

---

[1] The Court notes Judge Wilkerson incorrectly stated the relevant amended judgment was entered on April 11, 2005. The Court finds this is merely a typographical error, as the amended judgment was entered on April 11, 2006 (Doc. 6-1, p. 10)

downward departure under the Sentencing Guidelines and thus his claims should have been raised on direct appeal or through a Section 2255 petition. *See United States v. Ross,* 219 F.3d 592, 593-94 (7th Cir. 2000); *Prewitt v. United States,* 83 F.3d 812 (7th Cir. 1996). However, the Court agrees with Judge Wilkerson that Amos' claim is a challenge to the BOP's interpretation or execution of his sentence. Thus, it is properly before the Court pursuant to § 2241. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Wilkins-El v. Marberry,* 340 Fed. App'x. 320 (7th Cir. 2009).

### 2. Legal Conclusion is in Error

Amos was held pursuant to a WHCAP from June 24, 2005, until his federal sentencing on March 31, 2006. In reliance on the amended judgment entered by the sentencing court, the BOP will not give Amos "credit" towards his 140 month federal sentence because this 9 month period was credited towards his 17 month state sentence for parole violation. *See* 18 U.S.C. § 3585(b); *United States v. McGee,* 60 F.3d 1266 (7th Cir. 1995) ("[T]he statute authorizes credit for 'any time . . . that has not been credited against any other sentence.'").

At Amos' sentencing hearing, Judge Hamilton stated:

> [P]ursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, David Allen Amos, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 140 months. This term consists of a term of 140 months on each Counts I and II, the terms to be served concurrently and also concurrently with the undischarged portion of the term of imprisonment imposed in Cape Girardeau County Circuit Court, Docket No. CR592-101FX.

(Doc. 1-1, p. 21). Thereafter, the following exchange took place:

Defense Counsel: Your Honor, in light of your gracious decision to run this sentence concurrently with the undischarged term of Mr. Amos's sentence, if the Court were to consider the issue of time served in this matter, Mr. Amos has been in federal custody since June 24th of 2005. The unexpired term of imprisonment was imposed on April the 4th of 2005. If it's not your intention that he should receive credit for the time since June 24th, then we would ask that you order that the sentence begin immediately in order to ensure that the federal sentence begins running no later.

The Court: [Amos] has been in federal custody since June 24th of [2005]. Is that correct?

Defense Counsel: Yes, Mam

The Court: As far as I'm concerned, that should all go toward the sentence I've just imposed. I don't know how that works with the State. I don't know what the extent of the State sentence is. Does anybody know that?

Defense Counsel: It's due to expire in 2008, Your Honor; May of 2008.

Probation Officer: That's correct, Your Honor. And he is not on a writ. He is actually in federal custody.

The Court: He's in federal custody.

Probation Officer: So he's not getting credit for that State – He may or may not be getting credit for that state sentence right now but he's, without question, getting federal credit since June 24th.

The Court: Since [2005], June of [2005]. Yeah. My belief is that the intent is that he receive credit for this sentence which I've just imposed from June 24th.

(*Id.* at pp. 24-25).

Further, defense counsel brought Judge Hamilton's attention to § 5G1.3 of the Sentencing Guidelines. To which the Judge Hamilton responded, "That's the

most opaque section of the Guidelines" (Doc. 1-1, p. 25). While noting agreement, defense counsel went on to state that § 5G1.3,

> [A]uthorizes the Court to impose a concurrent sentence which you've now done. The Commentary or the Application Notes 2, 5G1.3, discuss an issue where the Bureau of Prisons is likely not to credit for the Defendant with time that he's otherwise entitled to.
>
> . . .
>
> That's one reason why we request that the Court, knowing the Court does have the limited power to do so, that the sentence begin immediately because that ensures that from this day until he's received by the Bureau of Prisons that he will receive that credit.

(*Id.* at pp. 25-26). To which Judge Hamilton responded, "No. It certainly should begin immediately but also with credit for his earlier time in federal custody" (*Id.* at p. 26). Defense counsel then elaborated on his belief that the court should state its intent in the terms of a "downward departure" (*Id.*). Judge Hamilton asked for briefing on the subject and went on to state,

> The Bureau of Prisons writes me a lot of letters about this sort of thing, but if we can send something with them. My intent is he gets credit for all of his time in federal custody, however they want to do that. Now if they've got a special way of stating it, I'm happy to go along with it.

(*Id.* at p. 27).

Judge Hamilton went on to discuss her desire that Amos have documentation that he could take with him in his records to the BOP regarding this 9 month period (*Id.* at p. 28). Defense counsel then stated, "[t]hank you, Your Honor. And I'm certainly not trying to inconvenience anyone. I just want to make sure that the Court's intentions are followed by the Bureau of Prisons." To

which Judge Hamilton responded, "[n]o, no, and I agree. And if this would save, you know correspondence going back and forth between the Bureau of Prisons and me, that's fine. So I don't have any problem with that" (*Id.* at 28).

On the same day Judge Hamilton orally imposed Amos' sentence, March 31, 2006, the sentencing court entered judgment, reflecting a sentence of "140 months . . . to run . . . concurrently with the undischarged portion of the term of imprisonment imposed in Cape Girardeau County Circuit Court docket no. CR592-101FX." *See United States v. David Allen Amos,* 04-cr-158-JCH, Doc. 48 (E.D. MO.). On April 7, 2006, defense counsel moved for an amended judgment, seeking: 1. an indication that the sentence was to commence immediately, and 2. a downward departure of 9 months under § 5G1.3 to account for the time spent in custody prior to sentencing (*Id.* at Doc. 50). On April 10, 2006, the government filed a response in opposition to defense counsel's request, raising numerous arguments against a downward departure which it does not appear were raised at the time Judge Hamilton orally imposed sentence (*Id.* at Doc. 55). The sentencing court entered an amended judgment on April 11, 2006, which left the initial judgment unchanged except to add the following: "The Federal sentence shall commence immediately as of March 31, 2006, the date of the original judgment" (*Id.* at Doc. 56).

As Judge Hamilton unambiguously stated her intent that Amos' sentence account for the 9 months he was in custody pursuant to the WHCAP, Judge Wilkerson concludes that Judge Hamilton intended to comply with the

suggestions of § 5G1.3 and actually reduce Amos' sentence to 131 months incarceration. Thus, the BOP would not have been required to apply credit under § 3585 and should have merely calculated Amos' sentence as intended by the sentencing court. In light of the precedence given oral sentences over later inconsistent written sentences, *see United States v. Cephus,* 684 F.3d 703, 709 (7th Cir. 2012); *United States v. Burton,* 543 F.3d 950, 953 (7th Cir. 2008), Judge Wilkerson concludes that Judge Hamilton used her discretion to impose a 131 month sentence.

Respondent objects to this recommendation. Respondent notes that the amended judgment was entered after the sentencing judge reviewed Amos' defense counsel's brief arguing for a downward departure under § 5G1.3, in addition to the government's arguments in opposition. Because the amended judgment does not reflect a sentence that accounts for the 9 month period at issue, respondent states Judge Hamilton rejected Amos' argument for a downward departure. Respondent goes on to argue:

> Judge Hamilton was misadvised at the sentencing hearing when the Probation Officer advised her that Amos was not on a writ but was in federal custody. Even if it was Judge Hamilton's intention on March 31, 2006 to reduce the sentence to account for the time that was credited against Amos's state sentence, there is no evidence that Judge Hamilton still had this intention on April 11, 2006.

(Doc. 20, p. 4). Thus, respondent argues that if this Court were to grant Amos' petition and Order the BOP to reduce Amos' sentence to a total term of 131 months, this Court would be "overriding" the amended judgment.

a. *De Novo* **Review of Conclusions of Law**

The Court begins with the well-settled principle that, "what a judge says in sentencing a defendant takes precedence over the written judgment." *Cephus,* 684 F.3d at 709 (citing *United States v. McHugh,* 528 F.3d 538, 539 (7th Cir. 2008)); *see also United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) ("The oral pronouncement by the sentencing court is the judgment of the court."). Thus, "[i]f an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Bonanno,* 146 F.3d 502, 512 (7th Cir. 1998) (quoting *United States v. Becker,* 36 F.3d 708, 711 (7th Cir. 1994)); *see also United States v. Foster,* 514 F.3d 821, 825 (8th Cir. 2008) (quoting *United States v. Glass,* 720 F.2d 21, 22 n. 2 (8th Cir. 1983)). However, "'when an orally pronounced sentence is ambiguous the judgment and commitment order is evidence which may be used to determine the intended sentence.'" *Bonanno,* 146 F.3d at 511-12 (citing *Daddino,* 5 F.3d 262, 266 (7th Cir. 1993) (quoting *United States v. Villano,* 816 F.2d 1448, 1451 (7th Cir. 1987) (ellipses omitted))); *see also Aga v. United States*, 312 F.2d 637, 641 (8th Cir. 1963).

Thus, the Court must determine whether Judge Hamilton orally pronounced an unambiguous sentence and whether that sentence is inconsistent with the written judgment. At Amos' sentencing hearing, Judge Hamilton initially orally pronounced a 140 month term of imprisonment to be served concurrently with the undischarged portion of Amos' state term. However, the colloquy held

directly thereafter demonstrates that Judge Hamilton in fact orally imposed a sentence of 131 months. The Court comes to this conclusion based on its reading of Judge Hamilton's unequivocal intent. To reiterate, immediately following Judge Hamilton's oral pronouncement of a 140 month sentence, she made the following statements:

> As far as I'm concerned, that [June 24, 2005, to March 31, 2006] should all go toward the sentence I've just imposed. I don't know how that works with the State.
>
> . . .
>
> Since [2005], June of [2005]. Yeah. My belief is that the intent is that he receive credit for this sentence which I've just imposed from June 24[, 2005].
>
> . . .
>
> It certainly should begin immediately but also with credit for his earlier time in federal custody.
>
> . . .
>
> My intent is he gets credit for all of his time in federal custody, however [the BOP] want to do that. Now if [the BOP have] got a special way of stating it, I'm happy to go along with it.

Judge Hamilton further discussed her desire for Amos to have documentation in his records to ensure the BOP had knowledge of her stated intent that he receive "credit" for the 9 month period spent on a WHCAP. Thus, while Judge Hamilton initially pronounced a total sentence of 140 months, she immediately altered the sentence to account for the time Amos spent on a WHCAP. While in this Court's opinion it seems Judge Hamilton should have imposed a downward departure under § 5G1.3(c) and then clearly stated such on Amos' judgment, she did not. However, the time for challenging the legal

correctness of Judge Hamilton's imposed sentence has long passed. Whether one characterizes it as credit for time served, an adjustment, or a downward departure under § 5G1.3, Judge Hamilton's unequivocal intent stated *after* her oral statement of 140 months imprisonment, demonstrates she in fact orally imposed a total sentence of 131 months imprisonment. The initial judgment entered the same day that Judge Hamilton orally imposed sentence directly conflicts with the sentence orally imposed, as it lists of total term of imprisonment of 140 months.

Respondent seemingly argues that because the amended judgment, entered on April 11, 2006, does not note a downward departure under § 5G1.3, Judge Hamilton changed her mind and decided not to credit Amos' sentence with the 9 months spent on a WHCAP. Respondent seems to feel the government's arguments against a downward departure persuaded Judge Hamilton not to grant defense counsel's request. In this Court's opinion, even if Judge Hamilton had a change of heart, based on substantive arguments the government did not raise at sentencing, this does not change the unambiguous sentence she orally imposed.

Judgment was entered on March 31, 2006. The judgment did not conform to the sentence orally imposed. At the time of Amos' sentencing, FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) permitted the correction of arithmetic, technical, or other clear errors within 7 days of sentencing.[2] *See* Fed. R. Cr. P. 35(a) (2006) (amended 2009). This section extends, "only to those cases in which an obvious

---

[2] Fed. R. Cr. P. 35(c) defines "sentencing" as the oral pronouncement of the sentence. *See* Fed. R. Cr. P. 35(c).

error or mistake has occurred in the sentence, that is errors which would almost certainly result in a remand of the case to the trial court." Fed. R. Cr. P. 35 advisory committee's note to 1991 Amendments. It is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence." *Id.* And it should not, "be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Id.* Finally, it does not relax, "any requirement that the parties state all objections to a sentence at or before the sentencing hearing." *Id.*; *see also United States v. Cannon,* 719 F.3d 889, 890-91 (8th Cir. 2013) (citing *United States v. Sadler,* 234 F.3d 368, 374 (8th Cir. 2000)); *United States v. Clark,* 538 F.3d 803, 808-09 (7th Cir. 2008). Thus, notwithstanding the fact the amended judgment seemingly does not fall within the time period allowed under Rule 35(a), the sentencing court did not have the authority to substantively change the sentence orally and unambiguously imposed on March 31, 2006, through an amended judgment entered on April 11, 2006.

Respondent takes issue with the legal correctness of Judge Hamilton's imposed sentence, arguing time spent on a WHCAP is not creditable toward a federal sentence, the probation officer misinformed Judge Hamilton, and further that § 3585(b) makes clear than an inmate cannot receive double credit for his detention time. To reiterate, the sentence cannot be altered at this late date.

Whether the unambiguous orally imposed sentence was correct in this Court's opinion is beside the point. The bottom line is that in this instance, the BOP cannot literally implement the language of either the initially entered or amended judgment. The BOP was not privy to the prevailing sentencing colloquy. Thus, the Court adopts the recommendation of Judge Wilkerson over respondent's objection.

### III. Conclusion

For the reasons discussed herein, the Court **ADOPTS** the R&R's recommendation (Doc. 17) over respondent's objections (Doc. 20). Thus, the Court **GRANTS** Amos' § 2241 petition. The BOP is directed to reduce Amos' sentence to a total term of 131 months imprisonment, commencing as of March 31, 2006, the date of the original judgment. All other terms and conditions shall remain the same. The Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.13 15:17:16 -06'00'

**Chief Judge
United States District Court**